## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS NICHOLAS SALZANO,<br><br>Defendant. | HON. EVELYN PADIN, U.S.D.J.<br><br>Criminal No. 22-690 (EP) |

---

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT THOMAS NICHOLAS SALZANO'S MOTION
### FOR A BILL OF PARTICULARS

---

**KLINGEMAN CERIMELE, ATTORNEYS**
100 Southgate Parkway, Suite 150
Morristown, New Jersey 07960
(973) 792-8822
*Attorneys for Defendant Thomas Nicholas Salzano*

**On the Brief:**

Henry E. Klingeman, Esq.
Ernesto Cerimele, Esq.

**PRELIMINARY STATEMENT**

On October 12, 2022, the Government obtained an indictment against Thomas Nicholas Salzano. The eighteen-count indictment generally arises from allegations that from in or around February 2018 through in or around January 2022, Mr. Salzano and co-defendant, Rey E. Grabato II (who has since fled the United States), defrauded investors and potential investors of NRIA Partners Portfolio Fund I LLC (a real estate fund operated by National Realty Investment Advisors, LLC ("NRIA")). The Government also alleges that around this same time, Mr. Salzano and Grabato orchestrated a separate conspiracy to defraud the Internal Revenue Service ("IRS") by conspiring to obstruct, impede, and impair the IRS in its effort to collect tens of millions of dollars in outstanding taxes that Mr. Salzano owed to the United States Treasury.

The basis for the Government's allegations is purportedly established by documents in the Government's possession that Mr. Salzano is alleged to have "falsified." However, with the exception of two documents referenced in the Indictment (*see* ECF No. 19 at p. 14-15, ¶¶4u; 4w), the Government has **not** identified the additional purportedly falsified documents that it intends to rely on at trial.

Accordingly, the Court should direct the Government to supply the following particulars in reference to the indictment filed in the above captioned case:

1. Identify and produce copies of all documents the Government intends to rely on at trial that have been falsified, forged or fabricated by Thomas Nicholas Salzano. (i.e., a "fraudulent document").

A bill of particulars is necessary to apprise Mr. Salzano of the allegations against him, adequately prepare his defense, and avoid any unfair surprises—for the Defendant and for the Court—at trial.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On March 4, 2021, an initial Complaint against Defendant Thomas Nicholas Salzano was filed. *See* ECF No. 1. Subsequently, on October 12, 2022, the Government obtained an eighteen-count Indictment against Mr. Salzano and co-defendant, Rey E. Grabato II (hereinafter the "Indictment"). *See* ECF No. 19. The eighteen counts of the Indictment against Mr. Salzano are as follows:

> Count 1 – Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371;
>
> Count 2 – Securities Fraud in violation of 15 U.S.C. § 78j(b) and 78ff, 17 C.F.R. §§ 240.10b-5, and 18 U.S.C. § 2;
>
> Count 3 – Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349;
>
> Counts 4-8 – Wire Fraud in violation of 18 U.S.C. § 1343, and 18 U.S.C. § 2;
>
> Count 9 – Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), and 18 U.S.C. § 2;
>
> Count 10 – Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), and 18 U.S.C. § 2;
>
> Count 11 – Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371;
>
> Count 12 – Evasion of Payment – TRFP in violation of 26 U.S.C. § 7201, and 18 U.S.C. § 2;
>
> Count 13 – Evasion of Payment – Personal Income Taxes in violation of 26 U.S.C. § 7201, and 18 U.S.C. § 2; and
>
> Counts 14-18 – Subscribing to False Tax Returns in violation of 26 U.S.C. § 7206(1), and 18 U.S.C. § 2.

**A. COUNT ONE: CONSPIRACY TO COMMIT SECURITIES FRAUD**

Following a lengthy recitation of "general allegations," the Government alleges in Count One of the Indictment that from in or around February 2018 to in or around January 2022, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano and Grabato "did

willfully and knowingly combine, conspire, confederate, and agree with others, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, to use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons." ECF No. 19 at p. 8, ¶ 2.

Specifically, the Government contends that, among other things, Mr. Salzano "falsified and forged financial statements and sent them to fund investors." *Id*. at p. 14, ¶¶ 4u-v. The Government further alleges that Mr. Salzano "falsified and forged a letter of intent and sent it to an investor." *Id*. at p. 15, ¶¶ 4w-z. Additionally, the Government alleges that Mr. Salzano "falsified the books and records of NRIA" to "cover up" the misappropriation of investor money. *Id*. at p. 15, ¶¶ 4aa-gg.

Mr. Salzano has denied all knowing and intentional involvement in the alleged conspiracy in Count One.

### B. COUNT TWO: SECURITIES FRAUD

The Government alleges in Count Two of the Indictment that from in or around February 2018 to in or around January 2022, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano and Grabato "did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b)

making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and prospective investors in the Fund, in connection with the purchase and sale of investments in the Fund directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails." ECF No. 19 at p. 22, ¶ 2.

Mr. Salzano has denied all knowing and intentional involvement in the alleged securities fraud in Count Two.

### C. COUNT THREE: CONSPIRACY TO COMMIT WIRE FRAUD

The Government alleges in Count Three of the Indictment that from in or around February 2018 to in or around January 2022, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano and Grabato "did knowingly and intentionally conspire to devise a scheme and artifice to defraud investors and prospective investors in the Fund, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds." ECF No. 19 at p. 23, ¶ 2.

Mr. Salzano has denied all knowing and intentional involvement in the alleged conspiracy in Count Three.

### D. COUNTS FOUR TO EIGHT: WIRE FRAUD

The Government alleges in Counts Four to Eight of the Indictment that on or about February 25, 2019, February 27, 2019, April 1, 2019, July 12, 2019, and February 5, 2021, in

Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano and Grabato "did knowingly and intentionally devise a scheme and artifice to defraud investors and prospective investors of the Fund, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds," through five respective acts. ECF No. 19 at p. 24, ¶ 2.

Mr. Salzano has denied all knowing and intentional involvement in the alleged wire fraud in Counts Four to Eight.

### E. COUNT NINE: AGGRAVATED IDENTITY THEFT

The Government alleges in Count Nine of the Indictment that on or about January 16, 2019, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano "did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the name, title, and signature of the Victim Chief Executive Officer, during and in relation to a felony violation of a provision contained in Chapter 63 of the United States Code, that is, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count Three of this Indictment, knowing that the means of identification belonged to another actual person." ECF No. 19 at p. 26, ¶ 2.

Mr. Salzano has denied all knowing and intentional involvement in the alleged aggravated identity theft in Count Nine.

### F. COUNT TEN: AGGRAVATED IDENTITY THEFT

The Government alleges in Count Ten of the Indictment that on or about January 29, 2019, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano "did knowingly

transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the name, title, letterhead, and electronic signature of the Victim Accountant, during and in relation to a felony violation of a provision contained in Chapter 63 of the United States Code, that is, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count Three of this Indictment, knowing that the means of identification belonged to another actual person." ECF No. 19 at p. 27, ¶ 2.

Mr. Salzano has denied all knowing and intentional involvement in the alleged aggravated identity theft in Count Ten.

### G.  COUNT ELEVEN: CONSPIRACY TO DEFRAUD THE UNITED STATES

The Government alleges in Count Eleven of the Indictment that from in or around November 2007 to in or about August 2022, Mr. Salzano and Grabato "conspired to obstruct, impede, and impair the IRS in its efforts to collect tens of millions of dollars in outstanding Trust Fund Recovery Penalties and personal income taxes Salzano owed to the United States Treasury by, among other things, lying to the IRS, using a web of nominees, opening bank accounts in the names of phony entities, and using **false and fraudulent company documents**, all in an effort to evade Salzano's tax liabilities" (emphasis added). ECF No. 19 at p. 28, ¶ 2. In other words, the Government alleges that Mr. Salzano and Grabato "knowingly and intentionally did conspire and agree with each other and others to defraud the United States, by impeding, impairing, obstructing, and defeating the lawful function of the IRS to collect trust fund recovery penalties and personal income taxes." *Id.* at p. 31, ¶ 4.

Specifically, the Government contends that, among other things, Mr. Salzano used "false and fraudulent company documents," (*Id.* at p. 28, ¶ 2), and "opened bank accounts with fraudulent documents." *Id.* at p. 34, ¶¶ 6i-l.

7

Mr. Salzano has denied all knowing and intentional involvement in the alleged conspiracy in Count Eleven.

### H. COUNT TWELVE: EVASION OF PAYMENT – TFRP

The Government alleges in Count Twelve of the Indictment that from in or around November 2007 to in or around November 2017, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano "did willfully attempt to evade and defeat the payment of substantial tax due and owing by him to the United States of America as a TFRP for the quarters ending March 31, 2004, September 30, 2004, and December 31, 2004." ECF No. 19 at p. 38, ¶ 2.

Mr. Salzano has denied all knowing and intentional involvement in the alleged evasion of payment in Count Twelve.

### I. COUNT THIRTEEN: EVASION OF PAYMENT – PERSONAL INCOME TAXES

The Government alleges in Count Thirteen of the Indictment that from in or around June 2008 to in or around August 2022, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano "did willfully attempt to evade and defeat the payment of substantial tax due and owing by him to the United States of America for tax years 2004 and 2006 through 2015." ECF No. 19 at p. 39, ¶ 2.

Mr. Salzano has denied all knowing and intentional involvement in the alleged evasion of payment in Count Thirteen.

### J. COUNTS FOURTEEN TO EIGHTEEN: SUBSCRIBING TO FALSE TAX RETURNS

The Government alleges in Counts Fourteen to Eighteen of the Indictment that on or about July 20, 2017, June 12, 2018, April 6, 2021, and May 19, 2021, in Hudson County, in the District of New Jersey, and elsewhere, Mr. Salzano "knowingly and willfully made, caused to be made, and subscribed a U.S. Individual Income Tax Return, Form 1040, for each of the tax years set forth

8

below, which was verified by a written declaration that it was made under the penalties of perjury and which Salzano did not believe to be true and correct as to every material matter," through five respective acts. ECF No. 19 at p. 40, ¶ 4.

Mr. Salzano has denied all knowing and intentional involvement in the alleged subscriptions to false tax returns in Counts Fourteen to Eighteen.

### K. MR. SALZANO'S UNRESOLVED DISCOVERY DEMANDS TO THE GOVERNMENT

Throughout the pendency of this litigation, the Government has provided Mr. Salzano with several batches of voluminous discovery; including, but not limited to, tens of thousands of pages (if not millions) of emails, financial records, financial statements and more. To that end, on November 1, 2023, Mr. Salzano served a discovery demand upon the Government related to records that have not yet been produced. A copy of the discovery demand is attached hereto as Exhibit A. Among other things, this letter demanded that the Government produce all fraudulent documents in their possession. Specifically, Mr. Salzano demanded the following:

> On June 20, 2023, at the reverse proffer, the Government showed Mr. Salzano two fraudulent documents and stated that there were "many" other fraudulent documents in the Government's possession. Produce all documents that the Government alleges are fraudulent.

Exhibit A at p. 2.

The Government served their response to the above-referenced letter on November 15, 2023, refusing to produce any additional records. A copy of the Government's November 15 letter is attached hereto as Exhibit B. With respect to the fraudulent documents, the Government responded that Mr. Salzano's request amounted to a bill of particulars and no additional production would be forthcoming. Specifically, the Government's responded:

9

> The "fraudulent documents" tied to your client have already been provided to you in the course of the Government's discovery productions. To the extent you are requesting that the Government identify all the documents the Government intends to argue are fraudulent at trial, that request amounts to a bill of particulars, which is improper.

Exhibit B at p. 1-2.

In essence, the Government asserts that it is Mr. Salzano's burden to identify—in the millions of records produced—which exhibits the Government contends are falsified.

Subsequently, on December 15, 2023, the Government served upon the Defense, among other things, **an 85-page exhaustive exhibit list**, depicting **hundreds** of exhibits and records which they intend to admit at trial. A copy of the Government's exhibit list is attached hereto as Exhibit C. The Government also "reserve[d] the right to supplement or otherwise amend this preliminary exhibit list in advance of trial."

Despite its size, the exhibit list did not clarify, nor identify, the fraudulent documents which Mr. Salzano demanded in the November 1, 2023 letter, and which the Government intends to argue are fraudulent at trial. *See* Exhibits A and B.

## LEGAL ARGUMENT

**I.   THE COURT MUST ORDER THE GOVERNMENT TO FILE A BILL OF PARTICULARS**

Given the volume of records produced in discovery, and the sheer magnitude of the Government's exhibit list, the Court should order a bill of particulars to be produced. The Sixth Amendment of the U.S. Constitution guarantees the accused in a criminal case "the right…to be informed of the nature and cause of the accusation." Accordingly, it requires that an indictment (1) "contain...the elements of the offense to be charged"; (2) "sufficiently apprise…the defendant of what he must be prepared to meet"; and (3) provide a clear and accurate record "in case any

10

other proceedings are taken against [the defendants] for a similar offense." *Russell v. United States*, 369 U.S. 749, 763-62; *see also United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989).

Fed. R. Crim. P. 7(f) provides a method for defendants to seek clarification on the nature of the charges against them. It provides, in relevant part, that "the court may direct the filing of a bill of particulars." Rule 7(f) was amended in 1966 "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) (quoting Fed. R. Crim. P. 7 Advisory Committee's Note to 1966 amendment).

A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. *Will v. United States*, 389 U.S. 90, 99 (1967).  A bill of particulars should be granted "whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066; *see also United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971), *cert. denied*, 405 U.S. 936 (1972) (the purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense").

In both *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987), and *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), the Court of Appeals reversed convictions on the basis that it was error to deny a bill of particulars where the information sought was **critical** to the defendant's preparation of a defense and where the bill would have prevented the government's "elusive approach" to the prosecution of the case. (emphasis added). There is a similar **critical need** for the limited information requested here—it is virtually impossible to defend against the

11

Indictment as framed, with hardly any indication as to the alleged "fraudulent documents." To that end, with less than three months before the commencement of trial, in order to adequately defend against the Indictment, Mr. Salzano <u>must</u> be afforded a sufficient amount of time; in other words, an immediate response from the Government with respect to this critical information is necessary. Particularly, Mr. Salzano should be afforded time *prior* to trial to locate the genesis of all the alleged "fraudulent" documents, and to decide whether to retain an expert to determine the merits of a defense.

The fact that the Government has made available to Defense Counsel the voluminous documentary discovery accumulated in connection with this case, as well as an extensive exhibit list, does not preclude the need for a bill of particulars. Mr. Salzano's motion does not seek to determine "how" the government intends to prove its case, but rather "what" the government intends to prove—all the documents that the Government alleges are "fraudulent," or that Mr. Salzano purportedly "falsified," within their exhibit list. Indeed, it is the very extensive nature of the discovery and the exhibit list provided that gives rise to Mr. Salzano's need for a more specific statement of the charges. *See Bartnovsky*, 820 F.2d at 575 ("The government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified..."); *see also Davidoff*, 845 F.2d at 1155 (*Jencks* material and discovery material may not be automatically relied on by the government as an adequate substitute for a bill of particulars).

It must be emphasized that the pretrial discovery in this case, and further, the Government's exhibit list, while voluminous to the tune of tens of thousands of pages of emails, financial records, and financial statements, among other things, does not provide the clarification requested by the defense, as set forth in this motion. These questions cannot be answered by merely looking at the

provided discovery materials and exhibit list, because these questions touch squarely upon the prosecutorial theory of this case. The only way to give Mr. Salzano the required clarification, in accordance with his Sixth Amendment right, and as contemplated by the above-cited authorities, is to issue a bill of particulars.

As a result, Mr. Salzano respectfully moves that the Government be ordered to respond to the following demand:

1. Identify and produce copies of all documents the Government intends to rely on at trial that have been falsified, forged or fabricated by Thomas Nicholas Salzano. (i.e., a "fraudulent document").

## CONCLUSION

For the foregoing reasons, Defendant Thomas Nicholas Salzano respectfully requests that the Court grant his Pretrial Motion, by ordering the Government to file a bill of particulars.

Respectfully submitted,

/s/ Ernesto Cerimele
ERNESTO CERIMELE, ESQ.
*Attorney for Defendant Thomas Nicholas Salzano*

Dated: December 20, 2023